449 A.2d 60

## EMPIRE EXCAVATING COMPANY

### v.

### LUZERNE COUNTY HOUSING AUTHORITY and Anthony C. Thomas, t/a Loche Twelve Constructors.

### Appeal of Anthony C. THOMAS t/a Loche Twelve Constructors.

Superior Court of Pennsylvania.

Argued Feb. 4, 1981.

Filed Aug. 6, 1982.

Sharon R. Bitzel, Hazelton, for appellant.

David M. Epstein, Scranton, for Empire, appellee.

Bernard J. Kotulak, II, Wilkes-Barre, for Luzerne County, appellee.

Before WICKERSHAM, POPOVICH and WATKINS, JJ.

WATKINS, Judge:

This appeal comes to us from the order of the Court of Common Pleas of Luzerne County, Civil Division, and involves the issue of the validity of a mechanics' lien.

On October 11, 1977, Anthony C. Thomas, trading as Loche Twelve Constructors, entered into a contract of sale

with the Luzerne County Housing Authority for the construction of eighteen (18) low-income housing units in Luzerne Borough. The project was federally financed and managed through the Department of Housing and Urban Development. Thomas then contracted with Empire Excavating Company for Empire to perform excavation work on the project.

On April 6, 1978, Empire filed a Mechanics' Lien Claim, alleging a non-payment of $18,352.56. Title to the premises was transferred to the Authority by deed of Thomas dated September 6, 1978. Empire filed a Complaint on September 27, 1979 and an Amended Complaint on October 21, 1979. Thomas and the Authority filed Answers and New Matter to the Complaint to which Empire filed a Reply.

Thomas and the Authority then moved for Judgment on the Pleadings alleging that the Mechanics' Lien was invalid. On August 20, 1980 the court below entered judgment in favor of Empire. Thomas took this appeal to this Court.

On appeal, Thomas is alleging that the mechanics' lien is invalid because The Pennsylvania Mechanics' Lien Law of 1963 *(49 P.S. 1303(b))* states that no mechanics' lien is allowed for labor or material furnished for a purely public purpose. Section 303(b) of the Act of August 24, 1963, P.L. 1175; *49 P.S. 1303(b)* provides that:

"(b) Public Purpose. No lien shall be allowed for labor or materials furnished for a purely public purpose".

Thus, as a general rule, a Mechanics' Lien filed against municipal property is invalid. However, where the use of the property relative to which the mechanics' lien is filed is not governmental in nature, but rather is proprietary and quasi-private, then an exception to the general rule that municipal property is exempt from mechanics' liens is proper since an execution upon the lien would not disrupt an essential public service or function. *American Seating Company v. City of Philadelphia,* 434 Pa. 370, 256 A.2d 599

(1969). Thus, the question as to whether the mechanics' lien filed by Empire is valid depends upon whether the Authority's function with respect to the instant project was a governmental function or a proprietary one.

The *Pennsylvania Housing Authorities Law, Act of May 28, 1937, P.L. 955, 35 P.S. 1541, et seq.* makes it clear that the providing of safe and sanitary dwelling accommodations for persons of low income through new construction or the reconstruction, restoration, reconditioning, remodeling or repair of existing structures by public housing authorities are public purposes. See *35 P.S. 1542.* Section 1563 of said Act states that:

"The property of an Authority is declared to be public property used for essential public and governmental purposes..."

Section 1550 of said Act provides that:

"An Authority shall constitute a public body, corporate and politic, exercising public powers of the Commonwealth as an agency thereof..."

Municipal Authorities are public bodies created without any motive or possibility of private profit. Any rentals of a public housing authority are fixed so as to cover the expense of the Authorities' bonds, operations and administration. As such they are created with no motive of private, economic gain.

The exception to the general rule set forth in *American Seating,* supra, is not applicable to this case. In *American Seating,* the court held that the City of Philadelphia was involved in a proprietary function in its leasing of the Philadelphia Spectrum, a sports and entertainment complex, to a private developer. Under the terms of the lease potential profit could inure to the City. In our case no such circumstances exist. Thus, we hold that a public housing authority's use of its property to provide housing to low income people constitutes a public use of that property. *Dornan v. Philadelphia Housing Authority,* 331 Pa. 209, 200

A. 834 (1938). As such a mechanics' lien filed against such a housing authority is invalid.

The second issue raised with respect to the validity of the mechanics' lien is whether the property against which the lien was filed was the property of the contractor (Thomas) or the property of the housing authority at the time of the entry of the mechanics' lien. Thomas is a private contractor against whom a valid mechanics' lien may be filed. As discussed above the Authority is a municipal entity engaged in furthering a public purpose and a mechanics' lien may not be validly filed against it.

■ The contract of sale executed between Thomas and the Authority was dated October 11, 1977. Article III of said agreement stated that:

"(a) The Property suitable for occupancy shall be conveyed to the Purchaser within 240. (sic)

The Seller agrees that no later than 60 days from the date of approval of this contract by the Government, it will commence and diligently continue the work, and the Purchaser reserves the right to cancel this agreement in the event of Seller's failure to do so."

Since the mechanics' lien was filed by Empire on April 6, 1978 and title to the premises conveyed by deed to the Authority on September 6, 1978 it is apparent that unless the contract of October 11, 1977 can be construed to have transferred actual ownership of the premises to the Authority (Purchaser) then the mechanics lien is valid as having been entered against private property (Thomas).[1] Thomas argues that the above contract language effectively transferred ownership of the premises to the Authority as of October 11, 1977 and that therefore, the mechanics' lien is invalid as having been entered against a municipal entity. He argues that since he began construction on the premises within the required 60 days that purchase of the premises by

[1]. We note that the record reveals that the contested sum was placed into escrow at the insistence of the Authority at the time that the deed was executed pending the outcome of the case.

the Authority was mandatory pursuant to the terms of the agreement and that therefore the Authority became the owner of the premises on October 11, 1977. The court below held otherwise. We agree with the court below and affirm its decision.

Article V of the October 11, 1977 agreement is entitled "Title to Property" and provides that the property "will be conveyed free and clear from all liens and encumbrances..." The use of the future tense in discussing the issue of title to the property indicates that the parties did not intend the October 11, 1977 Agreement to constitute the actual transfer of the premises from Thomas to the Authority but, rather, indicates that they contemplated the actual transfer taking place at some future time when all of the terms of the contract had been fulfilled by the parties. We do not agree that Thomas' initiation of construction within 60 days was the sole requisite for accomplishing the transfer of the premises to the Authority. We also note that the construction was financed by a mortgage given to Thomas by a private mortgagee (Miner's National Bank of Pottsville). The mortgage instrument named Thomas as the mortgagor and was dated December 22, 1977 more than two months subsequent to the date Thomas now claims that the Authority became owner of the premises. This is inconsistent with his present contention that ownership of the premises was transferred to the Authority in October of 1977.

Moreover our federal courts have held the construction phase of a public work, when performed by private enterprise, does not constitute a public work itself even though title to the public project may ultimately vest in the government. *U. S. v. Harrison and Grimshaw Construction Co.*, 305 F.2d 363 (10th Cir. 1962); *Armstrong v. U. S.*, 364 U.S. 40, 80 S.Ct. 1563, 4 L.Ed.2d 1554 (1960).

Thus, we hold that the court below was correct in concluding that the premises remained that of Thomas until it was accepted by the Authority. Under this "turnkey" project

the premises remained that of the contractor until after construction was completed and the Authority accepted it.

Order affirmed.